[No. 1978.  Decided November 5, 1895.]

ADA WASHINGTON, *Respondent*, v. THE SPOKANE STREET RAILWAY COMPANY, *Appellant*.

INJURY TO PASSENGER ON STREET CAR — PLEADING — ALLEGATION OF NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — REVISION OF DAMAGES BY TRIAL COURT — REVIEW.

In an action for damages for personal injuries the complaint states a sufficient cause of action in the absence of a demurrer, when it alleges that plaintiff was injured by the collapse of a trap-door in the floor of the car, under plaintiff's weight, and that the collapse and falling in of the trap-door were caused by the negligence of defendent in failing to properly secure, adjust and fasten said trap door, and that the injury to plaintiff was without any fault or negligence on her part.

Knowledge on the part of a passenger on an electric car that the car had been stopped and a trap-door in the floor raised and the machinery inspected, after which the trap door was put down and the trip continued while she remained on board as a passenger, no warning having been given her of any defect, will not defeat an action for damages brought by the passenger for injuries received by reason of such trap-door giving way under her weight in alighting from the car.

The action of the trial court in revising the amount of damages awarded by a jury will not be disturbed, when there is nothing in the record authorizing the interference of the appellate court.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.    Affirmed.

*Griffitts & Nuzum*, for appellant.

*Henry M. Hoyt*, and *Blake & Post*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover damages for personal injuries received by the plaintiff, who was a passenger upon one of the cars of the defendant corporation, in alighting therefrom. The

trial resulted in a verdict for plaintiff for $2,000.00 damages, which amount, upon motion for a new trial, was reduced to $1,000.00.

The grounds upon which it is sought to reverse the judgment rendered upon the verdict are: (1) the insufficiency of the complaint; (2) the exclusion of testimony by way of cross-examination offered by defendant; (3) refusal of the court to sustain the motion for non-suit at the close of plaintiff's case; (4) excessive damages.

As to the first question, there was no demurrer interposed to the complaint, and for that reason it must be liberally construed when its contents are examined for the purpose of determining whether or not it states a cause of action. The criticism made upon it in the brief is that there was no sufficient allegation of the negligence of the defendant. The language of the complaint upon that subject was substantially as follows:

"That the collapse and falling in of said trap-door and the injury to the plaintiff so sustained as aforesaid, were caused by the negligence of the defendant, its servants and employees, in failing to properly secure, adjust and fasten said trap-door and without any fault or negligence on the part of the plaintiff."

In another paragraph it was alleged that the injury was caused by reason of the collapse of a trap-door in the floor of the rear platform of the car under the weight of the plaintiff, and we think that the allegations, taken together, were sufficient, especially when put in issue by answer without any motion or demurrer having been interposed.

The second assignment is founded upon the refusal of the court to require one of the witnesses for the plaintiff to answer certain questions put to him upon

cross-examination.   By such questions it was sought to show that the plaintiff had an opportunity to know that there had been an accident to that part of the car covered by the trap-door shortly before she attempted to alight.   We are not satisfied that anything testified to by the witness upon his examination in chief made the questions put by counsel for the defendant proper in cross-examination, but even if it did we should not reverse the judgment on account of the action of the court in sustaining objections to the questions, for the reason that, in our opinion,—as will more fully appear in the discussion of the next point—the answer most favorable to the defendant, that could have been elicited from the witness, could have had no influence upon the rights of the plaintiff. The reasons urged why the motion for non-suit should have been sustained were those suggested as to the insufficiency of the complaint, and also those growing out of the fact that it appeared from the testimony of the plaintiff that she had knowledge that the car had been stopped and this trap-door raised a short time before she left the car.   From this it is argued that she should have known that the car, or at least that part of it, might be in an unsafe condition, and should have governed herself accordingly.   It is further urged that the car, having gotten out of repair on a trip, was properly continued in service until the power-house of the company where repairs could be made was reached, and that for that reason the company was not guilty of any negligence in running it, even though it was out of repair.

If we could agree with the argument of the defendant that by reason of the fact that the plaintiff had knowledge that the car was stopped and the trap-door raised she must presume that it was thereafter con-

tinued upon the route in a damaged condition, there might be force in its argument, but in our opinion the plaintiff was not bound to presume any such condition to exist from the fact of the accident, however well known to her. She had no reason to presume that the car, after the trap-door had been put down and the trip continued, was not in perfect repair. If there was anything in the position of appellant that it was entitled to continue the car in service, even though out of repair, until the power house was reached, it could only be justified in doing so and allowing passengers to ride thereon by giving to such passengers full notice of the condition of the car and allowing them an opportunity to decide, after full knowledge, whether they would continue as passengers. It was a duty which the company owed to the plaintiff as a passenger to keep its car in repair, and its failure to do so was negligence on its part. There was nothing in the evidence sufficient to show that the plaintiff had any knowledge of the defect — on the contrary, it appears that she had no such knowledge — and if she had not, there is nothing in the evidence tending to show that she acted otherwise than in a prudent manner in leaving the car.

As to the amount of damages, we can only say that the verdict of the jury has been revised by the trial court, which had a much better opportunity to come to a correct conclusion in regard thereto than we have, and for that reason there is nothing in the record which would authorize us to interfere with the verdict so revised. The errors, if any, were not such as to affect the substantial rights of the defendant.

The judgment must be affirmed.

SCOTT, ANDERS and DUNBAR, JJ., concur.

GORDON, J., absent.